UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
TRISTAN D. MCCALL,

Plaintiff,

-against-

SYSCO LEASING, LLC and WALTER VELEZ BALLESTEROS,

Defendants.
-------------------------------------------------------------------X

Civil Action No.: 1:24-cv-06778

**NOTICE OF REMOVAL**

**TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK:**

Defendants SYSCO METRO NEW YORK, LLC., i/s/a Sysco Leasing, LLC, and WALTER VELEZ BALLESTEROS (collectively, "Defendants") by and through their attorneys, Haworth Barber & Gerstman, LLC, and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, hereby file this Notice of Removal of this civil action from the Supreme Court of the State of New York, Bronx County, to the United States District Court for the Southern District of New York. While reserving the right to respond more fully in the event that remand is sought by the Plaintiff, Defendants offer the following short and plain statement of the grounds for this removal as required by 28 U.S.C. § 1446(a):

**PLAINTIFF'S COMPLAINT AND NATURE OF THE ACTION**

1. This is a personal injury action arising from an automobile accident alleged to have occurred on May 7, 2022 on Castle Hill Avenue at or near its intersection with the Cross Bronx Expressway in New York, New York. *See* Plaintiff's Summons and Verified Complaint, attached hereto as **Exhibit A** at ¶¶ 14-15.

2. Plaintiff alleges that as a result of the Defendants' negligent conduct, the Plaintiff was caused to be injured. *See* **Ex. A** at ¶ 16.

3. Plaintiff commenced this action on September 20, 2023, by filing a Summons and Verified Complaint in the Supreme Court of the State of New York, County of Bronx under Index Number 814416/2023E. *See* **Ex. A.** Plaintiff's Verified Complaint did not contain an *ad damnum* clause stating the amount in controversy. *See id*.

4. Defendants were served with the Summons and Verified Complaint on or about October 5, 2023. *See* Affidavit of Service, attached hereto as **Exhibit B**.

5. Defendants filed their Answer to Plaintiff's Complaint on October 27, 2023. *See* Defendants' Answer, attached hereto as **Exhibit C**.

6. On January 12, 2024, Plaintiff served a Verified Bill of Particulars outlining his claimed injuries. *See* Verified Bill of Particulars, attached hereto as **Exhibit D**. The Verified Bill of Particulars did not contain a statement quantifying the amount in controversy. *See id*.

7. On January 18, 2024, the Supreme Court for the State of New York, Bronx County, entered a Preliminary Conference Order setting interim discovery deadlines. *See* Preliminary Conference Order, attached hereto as **Exhibit E**.

8. On March 12, 2024, Defendants served upon Plaintiff a Supplemental Demand for Statement of Damages pursuant to CPLR § 3017(c). *See* Demand for Statement of Damages, attached hereto as **Exhibit F**.

9. On March 21, 2024, the parties jointly filed a Stipulated Compliance Conference Order. *See* Stipulated Compliance Conference Order, attached hereto as **Exhibit G**. The parties requested that the court enter the stipulation as So Ordered, but the court has taken no action on same.

10. On June 27, 2024, Plaintiff testified at his deposition in this matter. *See* Transcript of Deposition of Tristan D. McCall, attached hereto as **Exhibit H**. Plaintiff did not provide testimony establishing damages in excess of the amount in controversy threshold required for federal diversity jurisdiction. *See id*.

11. On August 21, 2024, Plaintiff served his Response to Defendants' Supplemental Demand for Statement of Damages pursuant to CPLR § 3017(c), quantifying Plaintiff's damages at **"approximately $750,000."** *See* Response to Supplemental Demand Pursuant to CPLR 3017(c), attached hereto as **Exhibit I** (emphasis added).

## DIVERSITY JURISDICTION IS PROPER

12. Having received information establishing that Plaintiff's claimed damages exceed the amount in controversy threshold for federal diversity jurisdiction, Defendants now remove this action pursuant 28 U.S.C. §§ 1441, 1446 and Local Civil Rule 81.1, which permit removal of causes of action based upon diversity of citizenship of the parties.

13. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a), as there is complete diversity of citizenship between the Plaintiff and the Defendants, and the amount in controversy requirement of $75,000 is met.

### A. There is Complete Diversity Among the Parties.

14. According to his Verified Complaint, Plaintiff is a resident of the State of New York. *See* **Ex. A** at ¶ 1.

15. It is well established that a corporation is a citizen of the state in which it is incorporated and the state where its principal place of business or "nerve center" is located. *See* 28 U.S.C. § 1332(c)(1); Johnson v. SmithKline Beecham Corp., 853 F. Supp. 2d 487, 490 (E.D. Pa. 2012), *aff'd*, 724 F.3d 337 (3d Cir. 2013).

16. Defendant Sysco Metro New York, LLC, improperly sued as Sysco Leasing, LLC, is a limited liability company organized under the laws of the State of Delaware and maintains its principal place of business in the State of New Jersey. While not properly a party to this action, named Defendant Sysco Leasing, LLC is a limited liability company organized under the laws of the State of Delaware and maintains its principal place of business in the State of Texas.

17. Defendant Walter Velez Ballesteros is a resident of the State of New Jersey.

**B. The Amount in Controversy Exceeds $75,000.**

18. On August 21, 2024, Plaintiff served his Response to Defendants' Supplemental Demand for Statement of Damages pursuant to CPLR § 3017(c), estimating the damages Plaintiff is seeking in this action at "approximately $750,000." *See* **Ex. I.**

19. The statutory requirements for establishing diversity jurisdiction are therefore met and this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a).

## REMOVAL IS TIMELY AND VENUE IS PROPER

20. 28 U.S.C. § 1446(b)(3) provides that a notice of removal shall be filed within thirty (30) days after receipt by the defendant of a "pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."

21. This action became removable to this Court on August 21, 2024, when Plaintiff served his Response to Defendants' Supplemental Demand for Statement of Damages pursuant to CPLR § 3017(c). *See id.* As such, this Notice of Removal is timely, as it is being filed within thirty (30) days of the date from which it could first be ascertained that the amount of controversy requirement was met and that this case was subject to removal.

22. Based on the foregoing, this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1), as there is complete diversity of citizenship among the parties and the amount in controversy exceeds $75,000.

23. Venue is proper in this Court, as the underlying motor vehicle accident took place within the Southern District of New York and the state court from which this action is being removed (Bronx County) lies within the district and division of the Southern District of New York. 28 U.S.C. §§ 112(b), 1441(a).

24. Pursuant to 28 U.S.C. § 1446(d) Defendants will promptly serve written notice of the filing of this Notice of Removal and Exhibits upon all parties and will file a copy of same with the Clerk of the Supreme Court of the State of New York, Bronx County.

25. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders filed in the state court from which this action is being removed are attached hereto. A summary of all filings to date in New York state court is attached as **Exhibit J** (NYSCEF docket report).

**WHEREFORE**, Defendants respectfully request that the action pending in the Supreme Court of the State of New York, Bronx County, bearing Index No. 814416/2023E, be removed to this Court.

**RESPECTFULLY SUBMITTED** this 6th day of September, 2024.

HAWORTH BARBER & GERSTMAN, LLC

s/ Joseph D. Fanning
Joseph D. Fanning
777 Third Avenue, Suite 2104
New York, New York 10017
*joseph.fanning@hbandglaw.com*
Telephone: (212) 952-1100
Facsimile: (212) 952-1110

*Attorneys for Defendants WALTER VELEZ BALLESTEROS and SYSCO METRO NEW YORK, LLC, i/s/a SYSCO LEASING, LLC*

TO: *All counsel of record via ECF*

Michael L. Edelman, Esq.
Shulman & Hill, PLLC
One State Street Plaza, 15th Floor
New York, New York 10004
Tel. (212) 221-1000
Fax (212) 203-8993
*Attorneys For Plaintiff*
*Tristan D. McCall*